**SO ORDERED.**

**SIGNED** this 11 day of March, 2010.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **GREGORY GALES and AMY GALES,** | **09-08360-8-JRL** |
| DEBTORS. | **Chapter 13** |

### ORDER

This case is before the court on the debtors' motion for valuation of collateral. A hearing on this matter was held on February 24, 2010 in Wilmington, North Carolina.

### BACKGROUND

The debtors, Gregory and Amy Gales, filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on September 28, 2009. The debtors own real property which serves as their residence located at 105 Fieldcrest Drive, Hampstead, North Carolina. The property is subject to a first lien held by Litton Loan Service ("Litton"), which is secured by a promissory note and deed of trust in the amount of $236,932.00. Lendmark Financial Services ("Lendmark") is the holder of a second lien on the debtors' real property, which is secured by a promissory note and deed of trust in the amount of $25,778.06. On December 14, 2009, the debtors filed a motion to value the property, contending that its fair market value is less than the

amount of Litton's first deed of trust against the property, and the second deed of trust held by Lendmark should thus be treated as unsecured. Lendmark filed an objection to the debtors' valuation.

## DISCUSSION

At the hearing, both parties presented evidence to establish the value of the debtors' real property, including testimony from appraisers. Evidence presented by the debtors supported a fair market value of $200,000.00, while the appraisal proffered by Lendmark concluded that the fair market value was $250,000.00. Only one comparable was common to both appraisals.

Although it is difficult to rationalize the competing valuations, taking into account the sale price of similarly situated properties, the higher valuation appears more credible. In reviewing both appraisals, the court finds that the comparables used in Lendmark's appraisal appear to involve properties significantly closer in square footage to the debtors' property and sales slightly closer to the date of the debtors' petition date. The comparables used in Lendmark's appraisal also appear to involve properties more closely related in age than the comparables used in the debtors' appraisal.

Further, in considering the substance of Lendmark's appraisal, the court is heavily influenced by the fact that of the comparable sales proffered by the appraisers, the property located at 325 Mallard Bay Road, Hampstead, North Carolina seems to be most similarly situated to the debtors' property. Specifically, the debtors' property and the Mallard Bay Road property are both two-story homes, are located in a close proximity, were built only a year apart, and differ in size by only eight square-feet. Based on the testimony of Lendmark's appraiser, the adjusted sales price of the Mallard Bay Road property is $284,320.00.

In adjusting to account for differences between comparable properties and the debtors' property, the court also notes that the debtors' appraiser testified that he made a downward adjustment of $12,500.00 to all comparable properties that did not have state-maintained roads. The court fails to understand why such an adjustment should be made for a road in good condition, as is the road accessing the debtors's property.

Based on the foregoing, the court concludes that the value of the property is at least $250,000.00, and thus Lendmark's claim must be treated as fully secured.

**END OF DOCUMENT**